Dear Senator Adley:
You requested an Attorney General's opinion regarding the Webster Parish Watershed District ("District"). You indicated that the District has levied a fee on all water users in the parish. You advised that it is the intention of the District to levy this fee on cities, member-owned, non-profit rural community water systems and other private domestic users. You question whether Acts 2003, No. 1228, which created the District, allows the District to issue a "commercial" fee on cities, member owned non-profit rural community water systems and private home use wells.
It should be noted that the statutes governing the District are La. R.S. 38:3087.261-3087.273.[1] La. R.S. 38:3087.272
authorizes the District to levy and collect a fee for the privilege of making commercial use of water resources and provides in part as follows:
 § 3087.272. Regulation of commercial establishments
 A. The board of commissioners shall have authority:
 (1) To establish and cause to be enforced rules and regulations pertaining to all commercial establishments which may be constructed for the purpose of commercializing and making commercial use of water resources of the district or its facilities.
 (2) To license and permit such establishments and to levy and collect a fee, to be fixed by the board, for the privilege of making commercial use of water resources of the district or its facilities.
The statute authorizes the board of commissioners to establish rules and regulations pertaining to commercial establishments, to license and permit such establishments and to levy and collect a fee for making commercial use of water resources. The language of the statute seems to contemplate that the fee will be charged to commercial establishments. This interpretation is supported by the language of House Bill No. 174, Regular Session, 2003:
 AN ACT to enact Part XXVI of Chapter 13 of Title 38 of the Louisiana Revised Statutes of 1950, to be comprised of R.S. 38:3087.191 through 3087.203, to create and provide for the Webster Parish Watershed District; to provide for the boundaries and purposes of the district; to create and provide for a board of commissioners of the district; to provide for the powers and duties of the board; to authorize the board to promulgate rules and regulations and to provide for the enforcement thereof; to provide for violations and penalties; to provide relative to the powers and duties of the Department of Transportation and Development with respect to the district; to provide for the regulation of commercial establishments and to provide relative to licensing of such establishments and fees to be imposed thereon; to provide for creation and construction of playgrounds and recreational facilities; to provide relative to mineral leases; and to provide for related matters. (Emphasis added)
As can be seen, the statute deals with the regulation of commercial establishments. Both the title and the language of the statute indicate that the statute applies to commercial establishments. While the term "commercial establishment" is not defined, "words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language". La. R.S. 1:3.
The term "commercial establishment", as commonly used, would not include a municipality, a member-owned, non-profit rural community water system or a private domestic user. "Commercial", as defined in Black's Law Dictionary, 6th
edition, "relates to or is connected with trade and traffic or commerce in general; is occupied with business and commerce." Black's Law Dictionary, 8th edition, defines an enterprise as "an organization or venture, esp. for business purposes", while a governmental enterprise is defined as "an enterprise undertaken by a governmental body, such as a parks department that creates a public park." Based upon these definitions, cities, member-owned, non-profit rural community water systems and other private domestic users do not fall under the statute. A city water system would be a governmental enterprise, as opposed to a commercial enterprise. If the legislature had intended the fee contemplated by R.S. 38:3087.272 to be charged to municipalities, they could have made the statute applicable to commercial and governmental enterprises. A member-owned, non-profit rural community water system is not an "organization or venture for a business purpose", and, clearly, an individual domestic user is not an organization or venture and is not connected with trade or commerce.
Additionally, the statute authorizes a fee for the privilege of making commercial use of water resources. Cities, member-owned, non-profit rural community water systems and other private domestic users are not making commercial use of water resources. The term commercial use "implies use in connection with or for furtherance of a profit-making enterprise." Black's Law Dictionary, 6th edition.
It is the opinion of our office that La. R.S. 38:3087.272
does not authorize the Webster Parish Watershed District to charge a fee for use of water resources by cities, member-owned, non-profit rural community water systems or private home use wells.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: KENNETH L. ROCHE, III Assistant Attorney General
[1] These statutes were added by Acts 2003, No. 1228, § 1 and consisted of R.S. 38:3087.191-3087.203, and were redesignated pursuant to the statutory revision authority of the Louisiana State Law Institute.